# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WAYNE FELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 09-cv-1137 |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant John E. Potter's Motion to Dismiss or Alternatively for Summary Judgment [12]. Plaintiff Wayne Fellers, a postal employee, alleges that he was subjected to a sexually harassing hostile work environment based on a comment that his supervisor made to him on a single occasion. Defendant contends that Plaintiff's complaint should be dismissed for failure to state a claim, or, alternatively, that summary judgment should be granted for Defendant, because the alleged incident does not rise to the level of a sexually harassing hostile work environment. Because the parties rely on materials outside the complaint and have complied with the requirements of Local Rule 56.1, and because Plaintiff has not moved for additional discovery pursuant to Federal Rule of Civil Procedure 56(f), the Court will proceed on the motion for summary judgment. For the following reasons, the Court grants Defendant's motion [12].

**I.     Background**[1]

Plaintiff Wayne Fellers is an employee of the United States Postal Service ("USPS"). On November 21, 2008, Plaintiff filed an administrative complaint of discrimination alleging that one of his postal supervisors, Russell Ricard, once told him, in the presence of other postal employees, that he "wanted to hug me and kiss me all over my body." Plaintiff's administrative complaint was dismissed on December 2, 2008. Plaintiff then filed suit in this Court. In his complaint, Plaintiff alleges that he was subjected to a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), when "his supervisor in front of other employees, held Fellers to ridicule, embarrassment, and humiliation by stating and implying that Fellers was gay and/or * * * by his supervisor suggesting that he (supervisor) wanted to hug and kiss Fellers all over his body, despite Fellers' complaint about the same." Charles Olson, Nicolas Foskaris, and Steve Clinton, all co-workers of Plaintiff, heard Ricard tell Plaintiff, "[c]ome here, let me hug and kiss you all over your body." These co-workers also stated that Plaintiff seemed embarrassed and insulted by this comment. Plaintiff's hostile work environment claim is based solely on this single incident.

---

[1] L.R. 56.1 requires that statements of fact contain allegations of material fact and that the factual allegations be supported by admissible record evidence. See L.R. 56.1; *Malec v. Sanford*, 191 F.R.D. at 583-85 (N.D. Ill. 2000). Where a party has offered a legal conclusion or a statement of fact without offering proper evidentiary support, the Court will not consider the statement. See, *e.g.*, *Malec*, 191 F.R.D. at 583. For instance, in Plaintiff's Statement of Additional Undisputed Facts, he states that by "reason of the hostile environment of USPS, [he] has suffered great pain, humiliation and mental anguish, all to his damage." Plaintiff cites to his complaint as evidentiary support, however, an unverified complaint is not "proper evidentiary support," and thus Plaintiff's statement, which also contains a legal conclusion, should not be considered. *Cf. Ford v. Wilson*, 90 F.3d 245, 246-47 (7th Cir. 1996) (reversing summary judgment for defendant where plaintiff had relied on a verified complaint as evidentiary support; a verified complaint "converted the complaint * * * into an affidavit"). In addition, the Court disregards any additional statements of fact contained in a party's response brief but not in its statement of additional facts. See, *e.g.*, *Malec*, 191 F.R.D. at 584 (citing *Midwest Imports*, 71 F.3d at 1317). In Plaintiff's response brief, he claims that his attributes – "being a more passive, compliant, quite [sic] male employee, who generally followed USPS rules" – would make him a likely target for bullying. However, these statements were not contained in Plaintiff's Statement of Additional Undisputed Facts; Plaintiff's ten-paragraph statement did not include any statements, let alone evidentiary support, about Plaintiff's demeanor, personality, or characteristics.

## II. Discussion

### A. Legal Standard

In ruling on a Rule 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Under such a scenario, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Here, both Plaintiff and Defendant have had reasonable opportunity to present such material, given that Defendant titled his motion as a "Motion to Dismiss or Alternatively for Summary Judgment." Plaintiff clearly recognized that this Court might treat Defendant's motion as one for summary judgment and submitted (i) a response to Defendant's Rule 56.1 Statement of Material Facts, (ii) Plaintiff's own Rule 56.1 Statement of Additional Undisputed Facts, and (iii) three affidavits in support of his response to Defendant's motion. See, *e.g., Smith v. Potter,* 445 F.3d 1000, 1006 n. 14 (7th Cir. 2006) (agreeing with a district court's decision to treat a similar motion as one for summary judgment); see also *Jackson v. Potter*, 2006 WL 2252544, at *2 (N.D. Ill. Aug. 2, 2006). Moreover, Plaintiff did not move for additional discovery pursuant to Federal Rule of Civil Procedure 56(f). Thus, the Court treats Defendant's motion as one for summary judgment.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

There is no heightened standard for summary judgment in employment discrimination cases, nor is there a separate rule of civil procedure governing summary judgment in employment cases. *Alexander v. Wisc. Dept. of Health and Family Svcs.*, 263 F.3d 673, 681 (7th Cir. 2001) (citing *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1396 (7th Cir. 1997)). However, intent and credibility frequently are critical issues in employment cases, and in such cases summary judgment is not appropriate. See *id*. Nevertheless, summary judgment in favor of the defendant is hardly unknown, or for that matter rare, in employment discrimination cases. *Wallace*, 103 F.3d at 1396.

**B.     Title VII**

Title VII prohibits discrimination in employment: "It shall be an unlawful employment practice for an employer * * * to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Plaintiff claims that Defendant violated Title VII by subjecting him to a hostile work environment based on sexual harassment.  In order to establish a *prima facie* case of hostile work environment sexual harassment under Title VII, a plaintiff must establish that: (1) he was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature; (2) the harassment was based on sex; (3) the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability.  See *Valentine v. City of Chicago*, 452 F.3d 670, 677 (7th Cir. 2006).  A hostile work environment is one in which the employee is "subjected to conduct so severe or pervasive as to alter the conditions of employment and create an abusive working environment."  *McPherson v. City of Waukegan*, 379 F.3d 430, 437-38 (7th Cir. 2004).  To determine whether a plaintiff's work environment can be objectively regarded as hostile, a court must consider "the frequency and severity of the conduct; whether it was threatening and/or humiliating or merely an offensive utterance; and whether the harassment unreasonably interfered with [the plaintiff's] work."  *Id.* at 438.

Defendant argues that Plaintiff's single allegation of harassment – that his supervisor said he wanted to hug and kiss him all over his body on one occasion – cannot support a hostile work environment claim because (i) Plaintiff has not demonstrated that, but for his sex, he would not have been the subject of harassment, and (ii) one comment alone is not enough to rise to the level of an actionable hostile work environment claim.

Same-sex harassment is included in Title VII's prohibition against discrimination based on gender. See *Johnson v. Hondo, Inc.*, 125 F.3d 408, 411 (7th Cir. 1997). A *prima facie* case of sexual harassment "requires a showing that, but for plaintiff's sex, he or she would not have been the subject of harassment." *Pasqua v. Metropolitan Life Ins. Co.*, 101 F.3d 514, 517 (7th Cir. 1996). In *Oncale v. Sundowner Offshore Services*, the Supreme Court held that a same-sex harassment plaintiff "must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted '*discriminat[ion]* * * * because of * * * sex.'" 523 U.S. 75, 81 (1998) (emphasis in original). The Court emphasized that it has "never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations." *Id*. at 80. Rather, the critical issue "is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id*. (quoting *Harris v. Forklift Systems, Inc*., 510 U.S. 17, 21 (1993)).

In this case, Plaintiff's sole evidence bearing on the gender-based nature of Ricard's comment is the facially sexual content of Ricard's remarks. Plaintiff contends that Ricard's statement – "come here, let me hug and kiss you all over your body" – implied that Plaintiff (or Ricard) was gay. However, there is no evidence to support this implication. Rather, the Court only has before it a single remark that, while arguably offensive and provoking, has no causal

6

relationship to Plaintiff's gender as a male.  This single remark seems to be exactly what the Supreme Court cautioned against in *Oncale* when it said that it has "never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations."  *Id*. at 80; see also *Johnson v. Hondo, Inc.*, 125 F.3d 408, 412 (7th Cir. 1997) (finding that comments such as "I'm going to make you suck my dick" and "come across the street and suck my dick" did not amount to sexual harassment because "nothing in the record [supported] a reasonable inference that the remarks were directed at [plaintiff] on account of his gender.").  Nothing in the sparse record before the Court demonstrates that the conduct was more than an arguably offensive sexual remark and actually constituted discrimination due to Plaintiff's sex.

Furthermore, even if the Court determined that the single comment evinced discrimination on account of sex, Plaintiff's claim could survive summary judgment only if Ricard's single comment was "both subjectively and objectively so severe or pervasive as to alter the conditions of [Plaintiff's] employment and create an abusive working environment." *Whittaker v. Northern Illinois University*, 424 F.3d 640, 645 (7th Cir. 2005) (internal quotations omitted).  As briefly set forth earlier, "[i]n determining whether the environment was objectively hostile, a court must consider all of the circumstances, including the frequency and severity of conduct, whether it is threatening and/or humiliating or merely offensive, and whether the harassment unreasonably interferes with an employee's work." *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 975-76 (7th Cir. 2004).  The Seventh Circuit has gone so far as to state that "[t]he workplace that is actionable is one that is 'hellish.'" *Perry v. Harris Chernin*, Inc., 126 F.3d 1010, 1013 (7th Cir. 1997).

The single instance complained of certainly is isolated, and thus not pervasive, so the remaining question is whether Ricard's comment was so severe as to alter the conditions of Plaintiff's employment. See *Saxton v. American Tel. & Tel. Co.,* 10 F.3d 526, 533 (7th Cir. 1993) (finding that "relatively isolated instances of non-severe misconduct will not support a claim of a hostile environment"). As for the arguably offensive, and certainly immature, comment that Ricard made, relatively isolated behavior far worse than Ricard's has been found insufficient to give rise to a valid cause of action. For example, the Seventh Circuit found no hostile work environment despite a plaintiff's claims that her supervisor told her that he'd like to be in her back pocket and that her breasts looked nice in the shirt she was wearing and also instructed plaintiff to walk across the room and put paper in a tray so he could "watch her put it in." See *Rodgers v. City of Chicago*, 320 F.3d 748, 752 (7th Cir. 2003). Likewise, in *Weiss v. Coca-Cola Bottling Co.,* 990 F.2d 333, 337 (7th Cir. 1993), the defendant allegedly "asked [the plaintiff] for dates, called her a 'dumb blond,' put his hand on her shoulder several times, placed 'I love you' signs in her work area and attempted to kiss her in a bar," and "may have twice attempted to kiss her in the office." Nonetheless, the Seventh Circuit found that these incidents were "relatively isolated" and thus failed to meet the standard for actionable sexual harassment. *Id.* Finally, in *Baskerville v. Culligan Int'l Co.,* 50 F.3d 428, 430 (7th Cir. 1995), the plaintiff in support of her hostile work environment claim adduced evidence that her employer had over the course of seven months called her a "pretty girl"; made grunting noises as she left his office wearing a leather skirt; told her that his office did not get "hot" until she stepped into it; joked that "all pretty girls [should] run around naked" in the office; likened her to Anita Hill in acknowledging his tendency to share comments of a sexual nature with her at the office; and once made gestures suggesting masturbation while conversing. Despite all of this evidence of

"vulgar," "coarse," and "boorish" behavior, the Seventh Circuit overturned a jury verdict in the plaintiff's favor, noting that "[a] handful of comments spread over months is unlikely to have so great an emotional impact as a concentrated or incessant barrage." *Id.* at 431.

The Seventh Circuit also has indicated that "relevant to our assessment of the impact of the defendants' behavior is the fact that none of them physically touched or threatened [plaintiff], nor did they demand sexual favors or make lewd comments or obscene gestures to her face." *Whittaker*, 424 F.3d at 646; see also *Gleason v. Mesirow Financial, Inc.,* 118 F.3d 1134, 1145 (7th Cir.1997) (finding "it important to take into account what [the defendant] did *not* do" in rejecting hostile work environment claim, including not touching the plaintiff, not propositioning her for sex, not threatening her, not exposing himself, not showing her dirty pictures, nor ever saying "anything to her that could not be repeated on prime-time television") (citing *Baskerville,* 50 F.3d at 431). The evidence here depicts an immature, at least subjectively offensive remark, but not conduct that was so frequent, humiliating, or threatening as to create a hostile work environment. For these reasons, Plaintiff's hostile work environment claim fails.

## III.   Conclusion

For these reasons, the Court grants Defendant John E. Potter's motion to dismiss or alternatively for summary judgment [12] and enters judgment in favor of Defendant.

Dated:  December 7, 2009         _____
                                  Robert M. Dow, Jr.
                                  United States District Judge

9